# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| WILLIAM B. JOLLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-38 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's: (1) Motions for Leave to Proceed without prepayment of fees, docs. 2, 11, 12; (2) Motion to Obtain Completed Summons Forms, doc. 10; and (3) Motion to Dismiss Under Rule 4(m), doc. 14. For the reasons which follow, I **GRANT** Plaintiff's Motions to proceed without payment of fees and to obtain completed summons forms. However, I **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion to Dismiss.

## BACKGROUND

Plaintiff brings this cause of action based on the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–35. Doc. 1. Plaintiff contests the constitutionality of certain provisions of the USERRA, such as § 4324, and the Merit Systems Protection Board's ("MSPB") use of administrative law judges rather than Article III judges to decide cases before it. Id. at 2, 3. Plaintiff seeks an injunction against the MSPB to prevent the use of administrative judges "not meeting [the] requirements of the Supreme Court under" Lucia v. SEC, 585 U.S. ___ (2018). Id. at 2. Plaintiff asserts in his Complaint that he served honorably in the United States Air Force for nearly 10 years' time. Id.

**DISCUSSION**

**I.    Motions to Proceed Without Payment of Costs and Fees, docs. 2, 11, 12**[1]

Section 4323(h) of Title 38 of the United States Code provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter [38 U.S.C. § 4301 *et seq*.]" § 4323(h).  In Davis v. Advocate Health Center Patient Care Express, 523 F.3d 681 (7th Cir. 2008), the Seventh Circuit Court of Appeals rejected a district court's ruling that USERRA's bar against fees and costs did not encompass filing fees to initiate litigation.  523 F.3d at 683.  The Seventh Circuit reasoned USERRA was enacted to "prohibit discrimination against persons because of their service in the uniformed service," and, as such, the statute should be construed "liberally in favor of veterans seeking its protections."  Id. at 683–84 (quotations and citations omitted).  The court further noted the district court "wrongly believed that the phrase 'fees and costs' [listed in 28 U.S.C. § 1920] as applied in other contexts precludes reading USERRA's fees-and-costs provision to include prepayment of filing fees."  Id. at 684; see also Gagnon v. Sprint Corp., 284 F.3d 839, 845 n.1 (8th Cir. 2002) (granting USERRA appellant's motion to waive costs on appeal), *abrogated on other grounds by* Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); MacIver v. City of Lakeland, No. 8:13-cv-1759, 2013 WL 3818111, at *1 (M.D. Fla. July 17, 2013) (granting plaintiff's motion for waiver of filing fee and allowing plaintiff to proceed in USERRA action without payment of filing fee); Fincher v. Ga. Pac., LLC, No. 108-CV-3839, 2009 WL 1075269, at *1 (N.D. Ga. Apr. 21, 2009) (agreeing that

---

[1] Plaintiff entitled his Motions at Numbers 2 and 12 as Motions to Proceed as a Veteran Without Payment of Court Fees and Charges, and these Motions were docketed as Motions for Leave to Proceed *in Forma Pauperis*.  Docs. 2, 12.  In Number 11, Plaintiff asks for a ruling on his previously-filed Motion to Proceed, and the Court has included this Motion in its analysis of Plaintiff's Motions at Numbers 2 and 12.  Doc. 11.

plaintiff not required to pay initial filing fee for a USERRA action and granting plaintiff's motion for refund of filing fee).

Based on this persuasive authority and upon the Court's review of relevant provisions of the USERRA, the Court **GRANTS** Plaintiff's Motions. Plaintiff may proceed with his cause of action without paying a filing fee.

**II.     Motion to Obtain Completed Summons Forms, doc. 10**

Plaintiff seeks to obtain completed summons forms so that he can properly serve Defendant in this case. Doc. 10 at 1–2. Plaintiff asserts he has filed all required paperwork with the Clerk of Court and should be issued completed summons forms. Id. at 1.

The Court **GRANTS** Plaintiff's Motion. The Court **DIRECTS** the Clerk of Court to complete the appropriate summons forms and forward those to Plaintiff so that he can effectuate service of his Complaint upon Defendant within 90 days of this Order. Fed. R. Civ. P. 4(m).

**III.    Motion to Dismiss Under Rule 4(m)**

Plaintiff moves for dismissal of his Complaint under Rule 4(m) because the Court has not yet allowed him to proceed without payment of fees and the Clerk has not yet issued the necessary summons documents. Doc. 14.

As the Court has now ruled on Plaintiff's Motions to proceed without payment of fees and his Motion for summons forms, the Court should **DENY as moot** Plaintiff's Motion to Dismiss. While Rule 4(m) provides for dismissal of an action without prejudice if the defendant is not served within 90 days of a complaint's filing, the Court believes that Plaintiff did not intend to dismiss his action based on the non-service of Defendant. Instead, it seems more probable that Plaintiff wished to spur the Court to rule on his other pending Motions. Plaintiff

shall have 90 days from the date of this Order to effectuate service upon Defendant.  Fed. R. Civ. P. 4(m).

## CONCLUSION

Based on the foregoing, I **GRANT** Plaintiff's Motions to proceed without payment of fees and costs and his Motion for completed summons forms, docs. 2, 10, 11, 12.  I also **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion to Dismiss.  Doc. 14.

The Court **ORDERS** Plaintiff, should he wish to object to this Report and Recommendation, to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Upon receipt of any objections, the presiding United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4